## Roberts *v.* Smith et al.

An attorney at law, in whose hands a note has been placed for collection, has no power, by an agreement made out of court, to give an extension of time to the principal obligor, where the immediate legal consequence would be, if the act were valid, to release the sureties on the note.

APPEAL from the District Court of Concordia, *Farrar*, J. This was an action against three makers of a promissory note, two of whom were proved to have executed it as sureties. The note was in the following words :

" Concordia, 22 Nov. 1838.

" $1861 60. On the twelfth day of February next (1839), we, or either of us, promise to pay to *Brander, McKenna* and *Wright*, or order, at the Commercial Bank of Natchez, Mississippi, eighteen hundred and sixty-one 60–100ths dollars, for value received, and interest at the rate of eight per cent per annum, from maturity until paid,

Wm. Sidney Smith,
Elijah Smith,
Edwd. Sparrow, Security."

The judge of the District Court gave judgment against the defendants, *in solido.* The nature of the defence will appear from the following reasons given by the lower court for its judgment : " The most importrnt question presented to the court for its decision in this case is, whether an attorney at law in whose hands a note has been placed for collection has the power to give an extension of time, by an agreement made out of court, to the principal obligor, when the immediate legal consequence of such extension is a release of the sureties from all liability on the obligation. The court is of opinion that such an act is not one of mere administration, but is one which can only be done by the owner himself, or some one to whom he has specially delegated the power, but is not within the scope of the general powers of an attorney at law. The note in question was never sued on by the attorney, *Barrow*, and he only acted under such powers as resulted from his having the note in his hand for collection as an attorney at law. The evidence does not satisfy the court that there was any subsequent ratification, either express or constructive, of the act of the attorney by his client, the plaintiff." The defendants appealed.

*Stacy*, for the plaintiff. *Thomas*, for the appellants. The judgment of the court was pronounced by

Eustis, C. J. For the reasons given by the judge of the District Court, this judgment is affirmed, with costs.